IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ANTOINE | § | CIVIL ACTION NO. 3:17-cv-00058 |
| | § | |
| V. | § | |
| | § | JURY |
| BHP BILLITON PETROLEUM | § | |
| (AMERICAS), INC., ET AL. | § | |

## AGREED PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION

IT IS HEREBY STIPULATED AND AGREED by and among the parties hereto through their undersigned counsel that the following procedures shall govern the production and exchange of all documents, testimony, interrogatories and other information produced, given or exchanged by and among all parties, or produced by a third party which any party designates as confidential, in the course of the above-referenced action (the "action").

1. Counsel for any Party, person or entity ("person") subject to discovery in this action may designate any documents, deposition testimony or other information taken, given or exchanged in the course of pre-trial discovery in this action "Confidential" when such person or counsel for such person in good faith believes that such document, material or information contains or reveals confidential or proprietary research, development,

commercial or financial information, or other information covered by a legitimate privacy right or interest.

2. The designation by any person of any document, material or information as "Confidential" shall constitute a representation that such document, material or information has been reviewed by an attorney for that person and that in such counsel's opinion, there is a good faith basis for such designation.

3. Confidential materials will be used by the receiving Party solely for purposes of preparing for and conducting this action and any appeals of this action.

4. Any documents or other tangible materials designated as "Confidential" shall be so designated by stamping the same with the legend "CONFIDENTIAL" at the time of their production. If the discovery material cannot be so labeled, it shall be designated "CONFIDENTIAL" in a manner to be agreed upon. In the event original documents are produced for initial inspection at a place agreed to by the parties, such documents may be produced for inspection by counsel for the requesting (receiving) party before the documents are marked "CONFIDENTIAL," and before the furnishing party produces copies of the documents selected by the requesting (receiving) party. In such cases, documents shall be inspected only by those persons for the receiving party permitted access to materials and information designated

"CONFIDENTIAL." The furnishing party shall then have an opportunity to designate the documents as "CONFIDENTIAL" pursuant to the provisions of this Protective Order prior to furnishing copies to the receiving party. Any confidential designation that is inadvertently omitted during document production may be corrected by written notice to opposing counsel.

5. Subject to meeting the terms and conditions set forth in paragraphs one and two, portions of a deposition transcript may be designated "CONFIDENTIAL." The testimony may be designated "CONFIDENTIAL" at the time of the deposition or by written notice to all counsel of record within twenty (20) days counsel's receipt of the deposition transcript. Pending the expiration of twenty (20) days after a deposition transcript is received by counsel, all parties and persons shall treat the deposition transcript as if it had been designated as "CONFIDENTIAL" except that the deponent and its counsel may review the transcript of that deponent's own deposition. With regard to designations made during the deposition, the designating party shall have the right to have all persons who are not a party, counsel for a party, or who have not executed this Confidentiality Agreement, excluded from a deposition, or any portion thereof, before the taking of testimony which has been designated "CONFIDENTIAL."

6. Discovery materials designated "Confidential" (and information therein) shall not be used by the Party receiving such matters other than for the purpose of this action as provided herein, nor shall such Party disclose the documents or information therein to persons other than

    a. Any individually-named Party;

    b. The officers, directors, and employees of any corporate parties to the extent such individuals are assisting in the prosecution or defense of the action;

    c. Attorneys, clerical, paralegal and secretarial staff and agents employed by counsel for the parties;

    d. The Court, its staff, and court reporters;

    e. Anticipated or actual witnesses, to the extent reasonably necessary in preparing for the litigation or any proceedings therein;

    f. Any person who authored or received the confidential information; and

    g. Testifying and consulting experts.

7. As to the persons covered by subparts e., f., and g., such persons must first execute a copy of the certification attached hereto as Exhibit "A", except to the extent alternative relief is granted by the Court as to any particular person covered by this subpart.

8. Counsel shall be responsible for maintaining copies of all confidentiality acknowledgments signed by persons receiving confidential information. Such acknowledgments shall be available for inspection by counsel for all parties to this action after the final termination of this action.

9. If any Party objects to the designation of any discovery materials as "Confidential," the Party shall state their objection by letter to counsel for the Party making the designation. If the parties are then unable to resolve the objection, any Party may move the Court to do so. Until the Court rules upon any such motion, the discovery material shall continue to be deemed "Confidential" under the terms of this Protective Order. In any proceedings regarding confidential information, the burden shall be on the Party making the designation to demonstrate that any document or information is confidential.

10. If it is necessary to file discovery materials with the Court for the purpose of trial, motions for summary judgment, or other motions, documents and other matter ultimately filed with the Court, including *inter alia*, transcripts of depositions, exhibits, physical evidence, answers to interrogatories or requests for admissions, briefs, and memoranda, which comprise, excerpt, reproduce, paraphrase, or contain designated "CONFIDENTIAL" information or information taken therefrom, shall be filed

under seal in accordance with applicable procedures established by the Court and/or Local Rules.

11. Nothing filed under seal may be shown by the Clerk to any party or person other than Court personnel, absent further order of the Court. The foregoing provision shall not prevent an appropriately marked second copy of any paper specifically intended for review by the Court from being hand-delivered to the Court to assure that the same is brought promptly to the Court's attention.

12. In the event that any "Confidential" material is used in any court proceeding in connection with this litigation, it shall not lose its "Confidential" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13. The terms and conditions of this Confidentiality Agreement shall govern the production of any documents or testimony produced under subpoena by a third party, unless the third party designates otherwise in writing. Information produced in response to any subpoena issued to a third party and designated "CONFIDENTIAL" material or information shall be treated in accordance with the terms of this Confidential Agreement.

14. Nothing herein shall prevent any person from seeking, by written agreement of the signatories herein or Court order, greater or lesser

protection with respect to the use or any confidential materials in connection with this action.

15. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at the trial of this action. Nothing herein shall constitute a waiver or preservation of other evidence relevant to this action. Nothing herein shall constitute a waiver or preservation of any claim of privilege or other protection from discovery. Nothing herein shall be construed by limit in any way any Party's use of its own confidential materials.

16. Within sixty (60) days after the final termination of this action, counsel shall return all confidential materials and copies (including excerpts) to counsel for the producing Party, or, in lieu thereof, certify in writing that such confidential materials have been destroyed, except that counsel may retain documents reflecting any work product copies of court filings and/or official transcripts and exhibits, provided said retained documents and the confidential information contained therein will continue to be treated as provided for this Confidentiality Agreement.

17. If any Party (or their counsel) to this action receives a subpoena or other compulsory process demanding documents or information, or material designed as "Confidential" by any other Party, that Party or counsel shall promptly give notice to the Party so designating the information,

documents or material as "Confidential." Absent court order to the contrary, the Party or counsel subject to the subpoena or other compulsory process may produce the requested information, document or material on the return date.

**IT IS SO ORDERED:**

Dated: 9/7/17

*George C. Hanks*
Honorable Judge Hanks
United States District Judge

**AGREED AS TO FORM AND CONTENT**

Date: August 15, 2017

*J. Reid Simpson*
Darrell L. Barger
J. Reid Simpson
Hartline Dacus Barger Dreyer LLP

ATTORNEYS FOR DEFENDANTS

Date: August 15, 2017

*Mary Holmesly (w/ permission)*
Marcus Spagnoletti
Mary Holmesly
Spagnoletti & Co.

ATTORNEY FOR PLAINTIFF